IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. C-04-492(1) |
| | § | C.A. No. C-08-175 |
| JESSE VALDEZ, | § § | |
| Defendant/Movant. | § | |

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Pending before the Court is Jesse Valdez's ("Valdez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was received by the Clerk on June 2, 2008. (D.E. 63.)[1] The Court ordered the government to respond (D.E. 64), and the government filed a combined response and motion to dismiss on August 5, 2008. (D.E. 66-67.) The Court also later permitted the government to amend its answer in order to include the correct affidavit from defense counsel, which was filed on September 18, 2008. (D.E. 71-73, 75.) The Court has also considered Valdez's response to the government's answer (D.E. 70), and several other recent filings by Valdez responding to the amended affidavit. (See D.E. 74, 77.)

As discussed in detail herein, Valdez's motion asserts four claims, and he has raised a fifth claim in his reply. His fifth claim, the factual basis for which was initially raised by the United States and then asserted by Valdez in his reply, entitles Valdez to relief. That claim is that the Court erred at sentencing in failing to give him an opportunity to allocute, and that his counsel was constitutionally ineffective because he failed to object both at sentencing and on appeal. On that

---

[1] Dockets entries refer to the criminal case, C-04-cr-492.

claim only, the Court will grant Valdez § 2255 relief and resentence him. As to his other claims, two of those arguably fall outside the scope of his § 2255 waiver, but they fail on their merits. His remaining two claims, which allege either errors at sentencing or on appeal, are mooted by the Court's grant of a resentencing. For these reasons, discussed more fully herein, the Court GRANTS IN PART and DENIES IN PART Valdez's § 2255 motion.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

**A.  Summary of Offense[2]**

Valdez was the purchaser of a number of different loads of drugs in a drug conspiracy that began as early as May 2003 and lasted through January 2004. Several co-conspirators who were found in possession of loads of either marijuana or cocaine at U.S. Border Patrol checkpoints debriefed and cooperated with Drug Enforcement Agents. As a result of their cooperation, which included several recorded calls made to Valdez, Valdez was charged in the instant case. Valdez was held responsible at sentencing for the following amounts of drugs: (1) a load of 152.7 kilograms of marijuana seized on September 12, 2003; (2) a load of 14.99 kilograms of cocaine seized on January 17, 2004; and (3) two prior loads transported by a co-conspirator, totaling 158.76 kilograms of marijuana and at least 35 kilograms of cocaine.

**B.  Criminal Proceedings**

On September 8, 2004, an indictment was returned charging Valdez and one co-defendant, Juan Rodolfo Gonzalez-Esquivel, with conspiracy to possess with intent to distribute more than five

---

[2] The offense conduct as set forth herein is derived from Paragraphs 3 through 11 of the Presentence Investigation Report ("PSR").

kilograms of cocaine and more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (D.E. 1.) Valdez pleaded guilty on December 17, 2004.

In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 23; D.E. 24 at ¶ 2.) The plea agreement included a voluntary waiver of Valdez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 24 at ¶ 8 (emphasis in original).) The agreement was signed by both Valdez and his rearraignment counsel, Richard H. Garcia. (D.E. 24 at 5-6.)

At Valdez's rearraignment, the Court specifically questioned Valdez under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his right to file a § 2255 motion. After discussing his waiver of his appellate rights, the Court admonished:

> **THE COURT:** ... The third very important right that you give up – and all of these are independent of each other and are really personal rights of yours, and only you can give them up – is the right to file for post-conviction remedy. It's also called a writ of habeas corpus or a statutory 2255, wherein you could attempt to set aside your conviction and/or your sentence by challenging such matters as jurisdiction, constitutionality or ineffective assistance of counsel.

> And if you go forward with this plea agreement, you give up all those rights.
>
> And if you plead guilty and I accept your plea, there will not be a trial, and I'll enter a finding of guilty and sentence you on the basis of your plea after considering the Presentence Investigation Report. Do you understand these rights, Mr. Valdez?
>
> **THE DEFENDANT**: Yes, Your Honor.

(D.E. 56, Rearraignment Transcript ("R. Tr.") at 15.)

Also at the rearraignment, Assistant United States Attorney Mark Patterson summarized Valdez's plea agreement, and included a statement: "They're all waiving their rights to appeal, including their rights under Title 28, Section 2255." (R. Tr. at 16-17.) Immediately following that summary, Valdez testified that the plea agreement was his, that it was the entire agreement, and that he understood it. (R. Tr. at 17.) The Court showed Valdez a written copy of the plea agreement. Valdez testified that the agreement was his, that he had signed the last page, and that he read it completely and discussed it completely with his attorney before he signed it. (R. Tr. at 18.) It is clear from the foregoing that Valdez's waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR"). (D.E. 25.) The PSR calculated Valdez's base offense level as 36. (PSR at ¶ 17.) It added two levels pursuant to U.S.S.G. § 3B1.1(c) because of Valdez's role as a leader in the conspiracy. (PSR at ¶ 20.) The PSR recommended that Valdez be given a three-level credit for acceptance of responsibility, thereby resulting in a total offense level of 35. (PSR at ¶¶ 23-26.) When coupled with his criminal history category of III, his resulting guideline range was a term of imprisonment

of 210 to 262 months. (PSR at ¶¶ 51.) Neither the government nor Valdez filed any objections to the PSR. (PSR at Addendum.)

Sentencing was held on March 2, 2005. (D.E. 28; see generally D.E. 40, Sentencing Transcript ("S. Tr.").) The government recommended the lowest end of the guidelines, and Valdez's counsel asked for a sentence of 180 months, lower than the applicable guideline range. The Court sentenced Valdez to 200 months, which was ten months *below* the low end of the advisory guideline range. (S. Tr. at 9; D.E. 30.) The Court also imposed a five-year term of supervised release, a $1000 fine and a $100 special assessment. (S. Tr. at 9; D.E. 30.) Inadvertently, the Court failed to give Valdez an opportunity to allocute prior to sentencing him. No objection was made. Judgment of conviction and sentence was entered March 22, 2005. (D.E. 30.)

Despite his waiver of appellate rights, Valdez filed a timely *pro se* notice of appeal. (D.E. 29.) The Fifth Circuit initially dismissed his appeal for want of prosecution. (D.E. 34.) Subsequently, this Court granted Valdez's motion to proceed *in forma pauperis* on appeal and also appointed his counsel in the underlying proceedings, Richard H. Garcia, to represent Valdez in his efforts to have his appeal reinstated. (D.E. 47.) Mr. Garcia moved to withdraw, but the Court denied that motion. (D.E. 50, 54.) The appellate court later reinstated Valdez's appeal, and Mr. Garcia filed an Anders brief and moved to withdraw. Ultimately, the Fifth Circuit dismissed his appeal as frivolous on April 18, 2007. (D.E. 60, 61.) Valdez's timely § 2255 motion was received by the Clerk on June 2, 2008. (D.E. 63.)

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Valdez asserts four claims. First, he claims that his plea was unknowing or involuntary because it was induced by his attorney's promise of a sentence not greater

than ten years. Second, Valdez argues that he was denied effective assistance of counsel at sentencing. Third, Valdez argues that the government breached the plea agreement. Fourth, Valdez claims that he was sentenced on the basis of "materially false information," to which his counsel failed to object. (D.E. 64 at 2.)

The government has moved for dismissal of Valdez's motion in its entirety, relying both on Valdez's waiver of § 2255 rights and its arguments that none of his claims entitle him to relief. The government has also provided an affidavit from Valdez's counsel during the underlying proceedings, Richard Garcia. In its response, however, the United States also pointed out that Valdez was not given an opportunity to allocute at sentencing. (D.E. 66, 67 at 22-24.) Seizing upon this admission, Valdez in his reply claims that he should be resentenced because of this error, and claims that his counsel was ineffective for failing to object at sentencing or on appeal to the lack of an opportunity to allocute.

For the reasons set forth herein, the Court denies Valdez's claims challenging his plea agreement. It grants him relief in the form of resentencing as to the allocution claim, and it denies his remaining claims as moot in light of his resentencing.

## IV. DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The Court turns first to Valdez's first and third claims, i.e., that he received ineffective assistance of counsel when entering into the plea agreement and that the government breached the plea agreement. Both claims fall outside the scope of his § 2255 waiver, because they challenge the validity of his plea and, thus, his § 2255 waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement).

**B.   Alleged Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d

452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Valdez argues that his attorney, Garcia, was deficient because Garcia promised him he would receive a sentence of not more than ten years.[3] When viewing the record as a whole, it is clear that Valdez cannot show prejudice and thus is not entitled to relief as to his claim.

Notably, Valdez denied under oath at his rearraignment that anyone had promised him a specific sentence. (See R. Tr. at 17 (Valdez denying that anyone had made any other promises outside of the written plea agreement, and denying that anyone had offered him leniency or a motion for downward departure).) Moreover, Valdez testified that he understood that even his attorney's opinions of the guidelines might not be the same as the Court's, and that the final decision as to what his sentence would be rested with the Court. (R. Tr. at 22-23.)

Because Valdez's sworn testimony at the rearraignment directly refutes the claim he now makes, he may proceed on such a claim only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110. A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party. Id. Valdez has not alleged any facts about the identity of any witnesses to the promise, and has not

---

[3] Garcia flatly denies this allegation in his affidavit. (See D.E. 75 ("At no time was any particular sentence promised and especially never any promise made that [Valdez] would get no more than 10 years.").)

provided any other evidence showing the merit of his allegations. Thus, he is unable to obtain relief under the <u>Cervantes</u> exception.

Moreover, in order to show prejudice arising from an attorney's ineffective assistance during the plea negotiations or the plea itself, Valdez must show that, absent his counsel's deficiencies, he would have proceeded to trial. See <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)). This is a showing that cannot be met here. The rearraignment transcript clearly establishes that Valdez's decision to plead guilty was his own and that it was entirely voluntary.

At his rearraignment, Valdez testified that he had had enough time to talk with his attorney, that he had told his attorney everything he knew about the case, and that his attorney had answered all of his questions, that his attorney came to see him in jail and took his phone calls. (R. Tr. at 10.) The Court informed Valdez of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (R. Tr. at 12-15.)

Consistent with Rule 11, Fed. R. Crim. P., the Court explained to Valdez the maximum punishment that he might receive. Specifically, the Court informed him that he faced a mandatory minimum of ten years in prison and could be sentenced to a maximum punishment of life imprisonment. (R. Tr. at 19.) The Court also informed him that there was a mandatory $100 special assessment, a maximum fine of $4 million, and a minimum supervised release term of five years. (R. Tr. at 19.) Valdez testified that he understood. (R. Tr. at 19.) Valdez further testified that there had not been any other agreements or promises made to him that were not in the written plea agreement, and that no one had promised him leniency or that he would get a motion for downward

departure. (R. Tr. at 17.) He later testified that no one had forced him in any way to plead guilty, that his decision to plead guilty was entirely voluntary, and that he understood that if his sentence was more severe than he expected, he would still be bound by his plea. (R. Tr. at 18, 23.)

Valdez told the Court that his attorney had discussed with him how the Sentencing Guidelines might apply in his case and that he understood that certain facts could increase his sentence. (R. Tr. at 21-23.) The transcript also establishes that Valdez understood that only the Court could determine the sentence that he would ultimately receive and that any one else's estimate, including his attorney's, would not be binding on the Court:

> **THE COURT:** ... [D]o you understand that your attorney's opinion of the guidelines is not necessarily that of mine, and that I'm not going to be able to determine the guideline sentence for your case until after the Presentence Report has been completed, and both you and the United States have had an opportunity to challenge the facts reported by the Probation Office; that after it's been determined what guideline applies to a case, I have the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines; and that the final decision as to what your sentence will be rests with me and not with the U.S. Attorney, and that the U.S. Attorney does not represent the Court, nor does it speak for the Court. Do you understand that, Mr. Valdez?
>
> **THE DEFENDANT:** Yes, Your Honor.

(R. Tr. at 22-23.)

Valdez's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Valdez's sworn statements preclude the relief he seeks here. He knew of the potential punishment he faced, he knew that any estimates by his attorney were not binding on the Court, and his plea was

knowing. Moreover, he testified that his decision to plead guilty was voluntary and that no one had forced him to plead guilty. He also stated that no one had promised him anything other than what was in his plea agreement.

Furthermore, at sentencing, after having seen the PSR and his guideline range, Valdez reaffirmed that he was still satisfied with the advice and efforts of his attorney. (S. Tr. at 5.) This fact further undermines his claim that his attorney had promised him a ten-year sentence.

In short, Valdez cannot overcome his testimony at the rearraignment – which clearly established a knowing and voluntary plea – to now show that he would have insisted on going to trial but for counsel's performance. Thus, Valdez cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance was deficient.[4] Valdez's claim of ineffective assistance based on counsel's alleged promise of a ten-year sentence fails.

## C.   Alleged Breach of Plea Agreement and Failure of Counsel to Object

As noted, Valdez's third claim for relief could also be construed as a challenge to his plea agreement. Specifically, he argues that the government breached the plea agreement and that his counsel failed to object to that breach. (D.E. 63 at 2.) In his supporting memorandum, he explains that he believes that the United States breached the plea agreement because it failed to move for a reduction in his sentence for substantial assistance. (D.E. 63, Supp. Mem. at 11-13.) He also faults his counsel for failing to object to the alleged "breach." The Court finds no merit in his contentions for a number of reasons.

---

[4] But see supra note 3, referring to counsel's affidavit, in which Garcia denies making any such promise).

First, contrary to Valdez's assertion, the plea agreement here did not bargain away the government's discretion as to whether or not to file a motion pursuant to U.S.S.G. § 5K1.1. Indeed, it expressly retains that discretion. (D.E. 24 at ¶ 4.) Valdez's attempts to parse out portions of the paragraph addressing this issue to support his claim are unavailing. In its entirety, the pertinent paragraph of his plea agreement states:

> Furthermore, should the Defendant provide substantial assistance as outlined in U. S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. *This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant has not provided substantial assistance.* Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. *The Defendant agrees the decision whether to file such a motion rests within the sole discretion of the Government.*

(D.E. 24 at ¶ 4 (emphasis added).) As the foregoing shows, it was solely within the government's discretion to determine whether Valdez provided substantial assistance.

Second, the government acknowledged at sentencing that it believed Valdez had truthfully debriefed, but the government was not able to use the information given to prosecute other individuals. (S. Tr. at 7.) Thus, the government determined, in its discretion, that Valdez was not entitled to a substantial assistance motion. Valdez has not shown that the government's determination was an abuse of its discretion. No breach by the government occurred.

For these reasons, the Court does not find that any breach occurred, nor does it find that counsel was ineffective for failing to challenge the alleged breach. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

For the foregoing reasons, Valdez's first and third claims fail on their merits.

### D. Ineffective Assistance Based on Failure to Object to Lack of Allocution

As noted, in response to the government raising the issue, Valdez contends in his reply that his counsel was ineffective for failing to object to his being denied an opportunity to allocute at his sentencing. The sentencing transcript confirms that the Court failed to give Valdez that opportunity. No objection was made at the time, and the issue was not raised by appellate counsel.

The Supreme Court has held that a claim challenging a failure to allow allocution is not the type of claim that would entitle a defendant to relief under 28 U.S.C. § 2255, absent aggravating circumstances. Hill v. United States, 368 U.S. 424 (1962). The Hill court declined to consider whether relief could be afforded in the event of "aggravating circumstances," however. 368 U.S. at 429. Possible examples of aggravating circumstances given by the Hill court were where a defendant was affirmatively denied an opportunity to speak, or the Court was misinformed or uninformed as to relevant circumstances, as opposed to a mere failure to comply with the formal requirements of [Rule 32(a)]. Id.

In this case, there was no affirmative denial of an opportunity to speak, but Valdez claims in his § 2255 motion that the Court was uninformed as to various important facts concerning the offense. This fact distinguishes the instant case from Hill, in which the Supreme Court specifically noted: "[T]here is no claim that the defendant would have had anything at all to say if he had been

formally invited to speak." 368 U.S. at 429. Additionally, unlike in Hill, here Valdez couches his claim as an ineffective assistance of counsel claim, both because counsel failed to object at sentencing and because he failed to raise the issue on appeal.

The Court finds some merit in Valdez's contention that his attorney was ineffective for failing to raise this claim on appeal. First of all, it is clear that Valdez had a right to allocute and was not given an opportunity to exercise that right. Thus, there was an error that could have been raised on appeal, and arguably counsel was deficient for failing to raise it. Valdez has also shown prejudice because, had counsel raised the issue on appeal, there is a reasonable probability that the result of his appeal would have been different.

Specifically, in United States v. Reyna, 358 F.3d 344 (5th Cir. 2004), the Fifth Circuit addressed a failure to allocute claim in the context of a direct criminal appeal. It held that the failure to allow a defendant to allocute did not require automatic reversal, but instead was subject to plain error review. 358 F.3d at 350. In determining whether a defendant suffered prejudice (thereby requiring resentencing in most cases), the Fifth Circuit held that it would presume prejudice where there was a failure to allocute without objection and the record reveals that the district court did not sentence at the bottom of the guideline range or if there were arguments raised in connection with sentencing or if the court rejected arguments by the defendant that would have resulted in a lower sentence. Id. at 353.

Based on the totality of the record here, the Court cannot determine whether the Fifth Circuit would have found prejudice affecting the fairness or integrity of the judicial proceedings or not. On the one hand, the advisory guideline range in this case was 210 to 262 months, and the Court sentenced Valdez to 200 months, ten months below the lowest end of the guidelines. On the other

hand, Valdez now claims that there were a number of objections that he wanted to make to the PSR, (despite his contrary testimony at sentencing), that counsel did not raise.[5] Of course, his counsel may have been wise to encourage Valdez not to challenge those facts, so as not to jeopardize his reduction for acceptance of responsibility. Indeed, on the record now before it, the Court cannot say that, had it heard Valdez's various objections during sentencing and during an allocution by Valdez, that the result of the sentencing might not have been different.

Given all of these circumstances, the Court concludes that Valdez has shown a reasonable probability that, had counsel raised the lack of allocution on appeal, the Fifth Circuit would have remanded for resentencing. Accordingly, the Court will GRANT Valdez's § 2255 motion as to this specific claim and will resentence him.

Valdez has the right to be represented by counsel during his resentencing. Because he has been determined to be financially eligible for appointed counsel in his criminal case (see D.E. 47), the Court hereby appoints David Cano, 5959 S. Staples, Suite 228, Corpus Christi, Texas 78413 to represent Valdez. Resentencing is set for Friday, December 19, 2008, at 10:00 a.m.

E.   **Mootness of Remaining Claims**

Valdez's remaining two claims – his second and his fourth – allege errors at his original sentencing or on appeal. Those claims are now moot based on the Court's decision to resentence him and thus DENIED AS MOOT.

---

[5] In support of his claim that there were objections he wanted to make to the PSR, Valdez has provided letters he wrote to counsel prior to sentencing in which he indicates he wants to challenge certain portions of the PSR. His motion acknowledges, however, that counsel advised that those objections should not be raised because of the risk of losing acceptance of responsibility. (D.E. 63, Supp. Mem. at 7, 9.)

## V. CONCLUSION

For the above-stated reasons, Valdez's motion under 28 U.S.C. § 2255 (D.E. 63) is DENIED IN PART and GRANTED IN PART. The sentence in Valdez's criminal case is hereby vacated, and his case is set for resentencing on December 18, 2008, at 10:00 a.m. Attorney David Cano is hereby appointed to represent Valdez at his resentencing. The clerk shall provide a copy of this order to Mr. Cano and counsel for the United States, as well as to Valdez.

It is so ORDERED this 29th day of October, 2008.

_____
Janis Graham Jack
United States District Judge